Filed 1/12/23  P. v. Velasquez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080661 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS175592) |
| CARLOS TORREZ VELASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Carlos Torrez Velasquez, in pro. per.; and Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal is from the denial of appellant's second petition for resentencing under Penal Code[1] section 1172.6.

In 2004, Carlos Torrez Velasquez was convicted of second degree murder (§ 187, subd. (a)).  The jury also found that he personally and

---

[1]    All further statutory references are to the Penal Code.

intentionally discharged a firearm causing death (§ 12022.53, subd. (d)).  He was the only person charged and was tried as the actual perpetrator of the homicide.  Velasquez was sentenced to an indeterminate term of 40 years to life in prison.

Velasquez appealed and this court affirmed his conviction in an unpublished opinion.  (*People v. Velasquez* (Nov. 2, 2006, D045500).)

In 2019, Velasquez filed a petition for resentencing under section 1172.6, which was denied on the grounds that he was not eligible for relief under the statute.

In 2022, Velasquez filed his second petition for resentencing under section 1172.6.  Among other contentions, Velasquez argued he was eligible for relief after the modifications made to section 1172.6 by Senate Bill No. 775.  The court appointed counsel, reviewed the record of conviction, and again denied the petition without an order to show cause or an evidentiary hearing.  The court stated:

> "In this case, Inmate Velasquez filed his first [section] [1172.6 ] petition on January 22, 2019.  The petition was denied on February 22, 2019.  The petition was denied because the defendant was found to be the actual killer.  No appeal was filed on that denial.

> "Inmate Velasquez subsequently filed a new petition on March 21, 2022.  The petition was filed pursuant to Senate Bill 775.  However, the provisions of Penal Code section [1172.6 ] which were expanded by the passing of Senate Bill 775 do not affect the current petition since he has already been determined to be the actual killer.  Velasquez did not appeal that finding.

> "Additionally, in the new petition, Velasquez argues factual reasons why the jury should not have found him guilty as the actual killer.  None of these reasons are subject to [section 1172.6] analysis.  Those reasons go to sufficiency of the evidence to support the conviction, which are the

2

subject for a direct appeal. Petitioner's conviction was upheld on appeal on January 5, 2006.

"Velasquez also includes in his petition a jury instruction, CALJIC [No.]17.19.5, which only applies to the special allegation, not the underlying crime for which he was convicted.

"The petition fails to state a prima facie case for re-sentencing."

Velasquez filed a timely notice of appeal.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks this court to review the record for error as contemplated by *Wende*. We offered Velasquez the opportunity to file his own brief on appeal. He has responded with a supplemental brief, which we will discuss below.

In the opening brief, appellate counsel asks the court to review the record for error. We are aware the Supreme Court has now issued its opinion in *People v. Delgadillo* (Dec. 19, 2022) ____ Cal.5th ____ [2022 Cal. LEXIS 7654], limiting the application of *Wende* in cases of appeals from denial of postjudgment petitions for resentencing under section 1172.6. Given the timing, we have already completed our independent review of the record for error. Further, Velasquez has submitted a supplemental brief, which we will now address.

In his supplemental brief, Velasquez maintains he is innocent of the offense for which he was convicted. At base, he wants an evidentiary hearing under section 1172.6 in order to prove he is innocent of the crime. Velasquez does not raise any arguable issues regarding his eligibility for resentencing. To the extent Velasquez may have a remedy to challenge his conviction, it will be by habeas corpus and not this statutory resentencing procedure.

3

The supplemental brief does not raise any issue that is cognizable on appeal from the denial of a postjudgment petition for resentencing.

## DISPOSITION

Our review of the record does not reveal any arguable issues for reversal on appeal. Velasquez's supplemental brief does not raise any meritorious issues challenging the denial of his petition for resentencing. The order denying the petition for resentencing under section 1172.6 is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


DATO, J.


BUCHANAN, J.

4